# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERRACYCLE US, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NAADAM, INC. and PACKAGE FREE INC.<br><br>Defendants. | Case No.: |

## VERIFIED COMPLAINT

Plaintiff TerraCycle US, LLC ("TerraCycle"), by its undersigned counsel, Gordon Rees Scully Mansukhani, LLP hereby alleges against Defendants Naadam, Inc. and Package Free, Inc. (collectively, "Defendants") as follows:

## PARTIES

1.    Plaintiff TerraCycle is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business located at 121 New York Avenue, Trenton, NJ 08638

2.    Defendant Package Free, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 75, 9th Avenue, New York, New York 10011.

3.    Defendant Naadam, Inc. is the parent company to Package Free per the Terms and Conditions on Package Free's website[1].  Naadam, Inc. is a corporation

---

[1] https://packagefreeshop.com/pages/privacy-policy

1

organized and existing under the laws of the State of Delaware with its principal place of business located at 598 Broadway, 7th Floor, New York, NY 10012.

## JURISDICTION AND VENUE

4.    The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs of suit.

5.    This Court has jurisdiction over Defendants has they have done business within this State, and Plaintiff's claims in this action arose out of those contacts. Additionally, Plaintiff is located within the State of New Jersey.

6.    Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

### The Business of TerraCycle

7.    TerraCycle's mission is eliminating the idea of waste.  For over 20 years, TerraCycle has partnered with businesses, communities, and individuals across the country to create first-of-their-kind solutions in recycling, recycled content, and reuse to move the world from a linear economy to a circular one.

8.    TerraCycle combines strategy, logistics, science and technology, promotion and custom business models that together make each of its programs a profitable and scalable platform for its clients and their customers.

9.    TerraCycle has developed ways to collect and recycle waste streams that are not generally accepted by traditional recycling services, including cigarette butts, toys, mascara wands, and much more.

10.    Over the years, TerraCycle has been able to recycle hard-to-recycle materials because of its partnership with brands, retailers, and other stakeholders who fund the recycling process. Its free recycling programs are sponsored by concerned stakeholders.

11.    In addition to TerraCycle's free recycling programs, it also offers paid recycling solutions in which consumers can purchase to #RecycleEverything. The cost of these solutions includes the collection box, transportation to the customer and then back to TerraCycle's recycling facilities — plus the actual cost of sorting, cleaning, and recycling the contents minus the value of the recycled material.

12.    One of TerraCycle's recycling solutions includes The Zero Waste Box™ ("ZWB") system.  The ZWB system is the turnkey, all-inclusive recycling solution for hundreds of typically non-recycled items.

13.    TerraCycle offers a variety of ZWB options including the "All-in-One" which allows for the recycling of any waste stream including but not limited to: Art Supplies, Books & Magazines, E-Waste, Eye Wear, Home Cleaning Accessories, Fabrics, and Clothing, Office Supplies, Pet Products (non-food), Plastic Cards, Shipping Materials, Storage Media, Plastic and Paper Packaging, Kitchen Gear, Filters (air/water), Coffee Capsules and Coffee Bags, Party Supplies And Dining Disposables.

14.    The ZWB "All-in-One" retails for $199.00.

15.    TerraCycle offers other ZWB options that retail from $86 and up and can be found here: https://shop.terracycle.com/en-US/products?taxon=44.

3

**TerraCycle's Business Relationship and Course of Dealing with Defendants**

16.    Beginning in early 2018, TerraCycle entered into a business partnership with Defendants wherein Defendants promoted TerraCycle on their social media platforms in exchange for free ZWB's at their store.

17.    The ZWBs were an instant success and Defendants continued to ask for more and more free boxes throughout 2018 and into 2019.

18.    Defendants were promoting the use of the free ZWB, i.e. come to the store to and use the ZWB; this drove foot traffic to their store and resulted in them asking for more free boxes.

19.    TerraCycle was not seeing the value in return, but still continued to provide ZWBs to Defendants free of charge until the end of 2019.

20.    Then, in early 2020, Defendants reached out to TerraCycle and asked to sell ZWB on their website to their customers.

21.    TerraCycle and Defendants negotiated and agreed that Defendants could list of all TerraCycle's ZWBs on their website and as orders came in from their customers, Defendants would send the orders to TerraCycle.

22.    TerraCycle would then ship the ZWBs directly to the Defendants' customer and invoice Defendants monthly.

23.    Defendants agreed to remit payment to TerraCycle within 30 days.

24.    In return, TerraCycle provided Defendants with a wholesale cost and retail price for each ZWB so that they could make approximately 20% margin on each ZWB sold.

4

25. Defendants' representative, Susan Eydenberg emailed TerraCycle on April 10, 2020 and advised that Defendants would "love to move forward with this option."

26. Additionally, Defendants completed TerraCycle's New Customer Information form and Credit Application which allowed TerraCycle to process Defendants' customer's orders.

27. The parties' business relationship started in April 2020 and continued without issue for the remainder of 2020.

28. TerraCycle sent invoices to Defendants each month for all orders shipped and Defendants generally paid on time, with the exception of certain invoices that were 60-90 days past due but eventually paid in full.

29. Despite the parties' prior course of dealing and agreement that Defendants would remit payment within 30 days, Defendants, without notice or explanation, stopped remitting payment on past due invoices issued by TerraCycle.

**Defendants' Refusal to Fulfill Their Obligations/Remit Payment on Past Due Invoices**

30. In June 2021, TerraCycle noticed that there was a past due balance of approximately $30,000 and immediately reached out to Defendants.

31. Defendants acknowledged the outstanding balances and blamed it on a change in their internal approval process.

5

32. Additionally, Defendants promised to remit payment on the outstanding invoices and pay all future invoices within 30 days – as previously contemplated by the parties.

33. Shortly thereafter, in August 2021, Defendants sent payment to TerraCycle to satisfy the outstanding invoices.

34. Despite TerraCycle' upholding its obligations and fulfilling orders placed by Defendants' customers, Defendants did not remit payment on any invoices the remainder of the year.

35. In January 2022, TerraCycle flagged Defendants' outstanding balance (again) which was approximately $120,000.

36. On January 10, 2022, TerraCycle sent Defendants a list of all outstanding invoices/orders from September 2021 to present and demanded payment in order to continue the parties' business relationship.

37. Still, Defendants did not remit payment on the outstanding invoices.

38. Then, in February 2022, Defendants outstanding invoices and balance increased to $199,312.

39. TerraCycle sent another email request to Defendants on March 1, 2022 asking for an update at which time Defendants responded and said "they were looking into it."

40. Finally, after two months, Defendants responded on March 29, 2022 and agreed to pay a portion of the amount owed, totaling $153,000, which they later requested to pay in installments.

6

41.     On April 4, 2022, TerraCycle followed up on the $153,000 payment and Defendants said it was approved and it should be received shortly.

42.     On April 11, 2022, Defendants asked for more free ZWBs. TerraCycle remained committed to continuing its business relationship and course of dealing with Defendants but needed confirmation that the $153,000 payment was forthcoming.

43.     Two days later, on April 13, 2022, Defendants emailed TerraCycle asking for a payment plan for the $153,000 due and owing to TerraCycle. TerraCycle agreed to the following payment plan/installment payments: **$30,000 per week every Friday for 5 weeks starting on April 15, and then the remaining balance paid 2 weeks following the 5th and final installment payment.**

44.     Defendants agreed to TerraCycle's proposed payment plan.

45.     Despite the parties' agreement, Defendants failed to remit payment on the first three weeks of the agreed-upon installment payments totaling $90,000.

46.     TerraCycle threatened to stop shipping ZWBs to Defendants' customers.  Defendants immediately responded and informed TerraCycle that their former CFO was no longer with the company and the $90K would be sent "as soon as possible."

47.     Finally, on May 4, 2022, TerraCycle received $90,000 which represented the first three installment payments on Defendants' outstanding invoices.

48. However, TerraCycle was still owed two installment payments, totaling $60,000 and the remaining outstanding balance from Defendants within two weeks of the final installment payment.

49. Per the parties' arrangement, TerraCycle expected the final installment payments to be received on May 6 and 13, with the final outstanding balance to be paid by May 27.

50. TerraCycle did not receive the final two installment payments on May 6 and 13, respectively, and did not receive payment for the final outstanding balance by May 27. Despite multiple correspondence asking for updates, Defendants did not remit payment to TerraCycle.

51. TerraCycle was left with no choice and forced to stop fulfilling Defendants' orders in late May as emails to Defendants' during that same time went unanswered.

52. TerraCycle continued its efforts to collect the outstanding invoices due and owing by Defendants, to no avail.

53. During the relevant time period, TerraCycle communicated with Defendants' representatives Hilary Johnson and Matthew McCotter concerning the outstanding invoices.

54. On June 21, 2022, Johnson finally responded to TerraCycle's e-mail demanding payment and instructed TerraCycle to reach out to Nadaam's Head of Finance, Scott Roberts.

55. Despite multiple e-mails to Roberts and Johnson on June 23, July 5, and July 14, Defendants failed to respond.

8

56. As of this filing, Defendants owe $137,320.00 on outstanding invoices dating back to September 2021 for products and/or services provided by TerraCycle.

## **FIRST COUNT**
### **(Breach of Contract)**

57. TerraCycle incorporates herein by reference the allegations of the preceding paragraphs.

58. The parties entered into a valid and enforceable agreement.

59. As set forth herein, the parties agreed that Defendants could list of all TerraCycle's ZWBs on their website and as orders came in from their customers, Defendants would send the order to TerraCycle. TerraCycle would then ship the ZWBs directly to the Defendants' customer and invoice Defendants monthly. Defendants agreed to remit payment to TerraCycle within 30 days.

60. In return, TerraCycle provided Defendants with a wholesale cost and retail price for each ZWB so that they could make approximately 20% margin on each box sold.

61. TerraCycle honored its contractual obligations throughout the parties' business relationship by allowing Defendants' to list all of TerraCycle's ZWBs on their website; fulfilling Defendants' customers' orders and sending ZWBs directly to the customer; and providing Defendants with a wholesale cost and retail price for each ZWB so that Defendants could make approximately 20% margin on each box sold.

62. Defendants failed to honor their contractual commitments by refusing to remit payment on TerraCycle's invoices from September 2021 through May 2022 – with the exception of the $90,000 payment received on or about April 4, 2022.

63. Still, TerraCycle is owed $137,320.00 for products and/or services provided to Defendants.

64. As such, TerraCycle has been damaged as a direct and proximate result of Defendants' breaches.

## SECOND COUNT
### (Account Stated)

65. TerraCycle repeats the allegations of the preceding paragraphs as if set forth at length herein.

66. Defendants are indebted to TerraCycle in the sum of $137,320.00, plus interest, upon an account stated between them, pursuant to invoices issued by TerraCycle to Defendants.

67. Defendants promised to pay said amount upon demand.

68. TerraCycle demanded payment of the amount due.

69. Defendants have not made payment.

70. TerraCycle has suffered damages by Defendant's failure to pay.

10

## THIRD COUNT
### (Unjust Enrichment)

71.    TerraCycle repeats the allegations of the preceding paragraphs as if set forth at length herein.

72.    TerraCycle provided products and/or services to Defendants and reasonably expected payment for same.

73.    Defendants have notice and knowledge that TerraCycle expected to be paid for said products and/or services.

74.    Defendants received a substantial and definite benefit from TerraCycle and must therefore provide reasonable compensation to TerraCycle.

75.    Defendants did not provide reasonable compensation to TerraCycle.

76.    TerraCycle has been damaged as a direct and proximate result of Defendants' retention of the benefits described herein.

77.    The retention of the benefit by Defendants is unjust.

## FOURTH COUNT
### (Quantum Meruit)

78.    TerraCycle repeats the allegations of the preceding paragraphs as if set forth at length herein.

79.    TerraCycle provided products and/or services to Defendants and reasonably expected payment for same.

11

80.    Defendants impliedly and expressly promised to pay for the goods and services provided by TerraCycle pursuant to the parties' business relationship and course of dealing.

81.    This is further illustrated by the parties' negotiated payment plan/installment payment as follows: Defendants to pay $30,000 per week every Friday for 5 weeks starting on April 15, and then the remaining balance paid 2 weeks following the 5th and final installment payment.

82.    Defendants did not pay for the products and/or services provided by TerraCycle to Defendants pursuant to parties' agreement and course of dealing.

83.    It would be unjust, unfair, and inequitable for Defendants to retain the benefit it gained from withholding payment for the products and/or services.

84.    TerraCycle has been damaged by Defendants' failure to pay.

## **PRAYER FOR RELIEF**

WHEREFORE, TerraCycle prays for judgment against Defendants as follows:

1.    For an award of $137,320.00, plus interest resulting from the Defendants' breach of the parties' agreement as reflected in the invoiced issued by TerraCycle to Defendants from April 2021 through May 2022;

2.    For an award of reasonable attorneys' fees; and

3.    For pre- and post-judgment interest; and

4.    For such other relief as the Court deems just and appropriate.

Dated:  September 16, 2022
Florham Park, New Jersey

Respectfully submitted,

___/s/ Peter Siachos_____

Peter G. Siachos
Matthew P. Gallo

GORDON & REES, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Phone: (973) 549-2500
Fax: (973) 549-2431
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TERRACYCLE US, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>NAADAM, INC. and PACKAGE<br>FREE INC.<br><br>               Defendants. | Case No.: |

## VERIFICATION

I, Rhandi Goodman, am Global Vice President, Zero Waste Box™ of TerraCycle US, LLC ("TerraCycle"). I am authorized to make this Verification for and on behalf of TerraCycle.

I have read the foregoing Verified Complaint; the facts and matters set forth therein have been assembled from records of TerraCycle and were prepared with assistance of employees and representatives of TerraCycle, upon which I have relied in making this Verification. Based upon the matters which have been made known to me for purposes of making this Verification, I state that I am informed and believe that the matters stated in TerraCycle's complaint are true and correct. The grounds of my knowledge, information, and belief are derived from my position at TerraCycle, my personal involvement in the events underlying this litigation, and general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of TerraCycle's records and conversations with TerraCycle's employees.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: September 13, 2022

_____

14